Filed 9/22/20  In re D.G. CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| IN RE D.G., A Person Coming Under the Juvenile Court Law.<br><br>———————————————<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>D.G.,<br><br>  Defendant and Appellant. | 2d Juv. No. B298683<br>(Super. Ct. No. PJ52828)<br>(Los Angeles County) |

D.G. was charged in a juvenile wardship petition with committing a battery on school property (Pen. Code, § 243.2, subd. (a); Welf. & Inst. Code[1] § 602).  Prior to adjudication, the

_____

[1] All undesignated statutory references are to the Welfare and Institutions Code.

juvenile court issued a temporary restraining order against D.G. as to the alleged victim of the battery pursuant to section 213.5 and rule 5.630 of the California Rules of Court. Following a noticed hearing, the court issued a three-year restraining order against D.G. as to the alleged victim. D.G. appeals from both orders, contending that neither order was supported by substantial evidence. We dismiss the appeal from the temporary restraining order as moot, and affirm the three-year restraining order.

## FACTS AND PROCEDURAL HISTORY

On February 13, 2018, D.G., who was then 12 years old, was charged in a wardship petition with public intoxication (Penal Code, § 647, subd. (f)). On March 15, 2018, the petition was sustained. D.G. was ordered a ward of the juvenile court and placed home on probation with her grandmother.

On May 7, 2019, while the prior wardship order was still in effect, D.G. was charged in a non-detained section 602 petition with committing a battery on school property against M.A. Due to her probationary status, D.G. was deemed ineligible for deferred entry of judgment.

At the May 21, 2019 citation hearing, the court granted the prosecutor's request for a temporary restraining order in favor of 13-year-old M.A. pursuant to section 213.5 and rule 5.630. The temporary restraining order, as set forth on form JV-250, required D.G. to "[s]tay 100 yards from victim. Do not attempt or actually prevent or dissuade any victim or witness from attending a hearing or testifying. Must have no personal, electronic, telephonic, or written contact with victim or his/her family. Must have no contact with victim through any third party, except attorney of record."

After a hearing on the prosecutor's request for a restraining order was set for June 7, 2019, defense counsel stated his objection to the temporary restraining order on the ground "[t]here is no proper showing by the People to warrant [the] order." The court overruled the objection.

On May 24, 2019, D.G.'s probation officer filed a notice of probation violation in the prior matter pursuant to section 777. The probation officer's report stated that on May 23, D.G.'s grandmother had reported that D.G. had repeatedly left home without permission, once for several days, and that her whereabouts were currently unknown. The grandmother also reported that D.G. often returned home "under the influence of alcohol and/or marijuana and with physical hickey marks on her body." While D.G. was home she often "leaves during the day without permission coming and going from the home as she pleases, often missing school." D.G. had also missed her scheduled appointment and drug testing with her probation officer. A warrant for D.G.'s arrest was issued and she was detained on June 6, 2019 and placed in juvenile hall. Arraignment on the section 777 petition was set to be heard in conjunction with the June 7 hearing on the restraining order.

At the June 7th hearing on the restraining order, M.A. testified that she and D.G. were in a classroom together when D.G. accused her of "giv[ing] the staff attitude." M.A. denied doing so and told appellant she would discuss the matter further when a staff member was present. D.G. became angry and hit M.A. on the head five times with her hands. M.A. stated that she wanted a restraining order to be issued against D.G. "for my safety and for my family's safety."

3

At the conclusion of the hearing, the prosecutor argued that a three-year restraining order was appropriate because M.A. feared for her safety and "just wants to make sure that [D.G] doesn't re-approach her and try to start any more problems." Defense counsel countered "I don't believe the People have met their burden for purposes of obtaining a restraining order" because "[t]here has been no evidence of any kind of imminent threat or anything for that matter." The court found "the People have met their burden" and issued a three-year restraining order with the identical prohibitory language contained in the temporary restraining order. D.G. was also arraigned on the section 777 petition and the matter was set for further hearing on June 25, 2019. D.G. filed a timely notice of appeal from the temporary and three-year restraining orders.

## DISCUSSION

D.G. contends the evidence is insufficient to support both the temporary and three-year restraining orders. Relying on cases involving the issuance of restraining orders in criminal cases under Penal Code section 136.2, she asserts that "[a] mere finding of past harm does not constitute the substantial evidence required to uphold" such orders. (See, e.g., *Babalola v. Superior Court* (2011) 192 Cal.App.4th 948, 965.) D.G. acknowledges that the temporary restraining order was technically rendered moot by the three-year restraining order (see *In re L.W.* (2019) 44 Cal.App.5th 44, 47, fn. 2 (*L.W.*), review denied, S260690, April 15, 2020), but urges us to exercise our discretion to address her claim as to the temporary order "because the issue[] to be decided [is] of important and continuing public interest and [is] likely to recur yet evade review. [Citation.]" (*Ibid.*)

4

We decline to exercise such discretion. As we have already held, cases interpreting restraining orders issued in criminal cases under section 136.2 are inapposite when addressing the propriety of restraining orders issued in juvenile cases under section 213.5. (*L.W.*, *supra*, 44 Cal.App.5th at p. 52.)

"'With regard to the issuance of a restraining order by the juvenile court pursuant to section 213.5, appellate courts apply the substantial evidence standard to determine whether sufficient facts supported the factual findings in support of a restraining order and the abuse of discretion standard to determine whether the court properly issued the order. [Citations.]' [Citation.] "'To show an abuse of discretion, the appellant must demonstrate the juvenile court exercised its discretion in an arbitrary, capricious or patently absurd manner that resulted in a miscarriage of justice.' [Citation.] Throughout our analysis, we will not lightly substitute our decision for that rendered by the juvenile court. Rather, we must indulge all reasonable inferences to support the decision of the juvenile court and will not disturb its findings where there is substantial evidence to support them." [Citation.]' [Citation.]" (*L.W.*, *supra*, 44 Cal.App.5th at p. 51.)

"'Section 213.5 is part of a web of statutory provisions known as the "juvenile delinquency laws." [Citation.] "The purpose of juvenile delinquency laws is twofold: (1) to serve the 'best interests' of the delinquent ward by providing care, treatment, and guidance to rehabilitate the ward and 'enable him or her to be a law-abiding and productive member of his or her family and the community,' and (2) to 'provide for the protection and safety of the public . . . .'" [Citation.] Section 202, subdivision (b), in pertinent part, provides: "Minors under the

5

jurisdiction of the juvenile court as a consequence of delinquent conduct shall, in conformity with the interests of public safety and protection, receive care, treatment and guidance that is consistent with their best interest, that holds them accountable for their behavior, and that is appropriate for their circumstances. . . .'" [Citation.] 'Under the juvenile delinquency laws, and consistent with their overarching purpose, the juvenile court is expressly authorized to make "any and all reasonable orders for the care, supervision, custody, conduct, maintenance, and support of the child . . . ." [Citation.]' [Citation.]" (*In re L.W.*, *supra*, 44 Cal.App.5th at pp. 51-52.)

In criminal cases, restraining orders "'must be based on a finding of good cause to believe an attempt to intimidate or dissuade a victim or witness has occurred or is reasonably likely to occur. That finding may be based on the underlying charges and the circumstances surrounding the commission of the charged offenses, but a mere finding of past harm to the victim or a witness is not sufficient.' [Citation.] Restraining orders issued in juvenile proceedings under section 213.5, however, require no such finding. [Citation.]" (*L.W.*, *supra*, 44 Cal.App.5th at p. 52.)

Here, the orders were "'a reasoned and reasonable response by the juvenile court to [D.G.'s] conduct and the other relevant facts of the case . . . . Moreover, the order[s were] entirely consistent with the public policy objectives underlying the juvenile delinquency laws generally and section 213.5 specifically.' [Citation.]" (*L.W.*, *supra*, 44 Cal.App.5th at p. 52.) D.G., while already a ward of the juvenile court, was charged with committing battery at school against a classmate. After the temporary restraining order was issued, she was charged with violating her probation in the prior matter by, among other

6

things, repeatedly leaving home without permission, coming home intoxicated, and missing school.  The alleged victim also testified that she feared for her safety as a result of D.G.'s conduct.  The court could thus reasonably conclude that the challenged orders were not only necessary and appropriate for the protection of the alleged victim, but were also in D.G.'s own best interests.

## DISPOSITION

The appeal from the May 21, 2019 temporary restraining order is dismissed.  The three-year restraining order issued on June 7, 2019 is affirmed.

NOT TO BE PUBLISHED.

PERREN, J.

We concur:

YEGAN, Acting P.J.

TANGEMAN, J.

7

Morton Rochman, Judge
Superior Court County of Los Angeles
_____

Courtney M. Selan, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Acting Senior Assistant Attorney General, Michael R. Johnsen, Supervising Deputy Attorney General, Theresa A. Patterson, Deputy Attorney General, for Plaintiff and Respondent.